



FILED
**Jan 05, 2024**
**12:24 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| L. Elizabeth Kenney ) | Docket No. 2020-02-0536 |
| ) | |
| v. ) | State File No. 16864-2020 |
| ) | |
| HSN, Incorporated, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Brian K. Addington, Judge ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee contends a healthcare provider failed to produce certain medical records in response to a subpoena and a previous court order compelling discovery. The healthcare provider asserts it fully complied with the subpoena and court order. The employee filed a motion to enforce the court's order compelling discovery. The trial court issued an order concluding that the healthcare provider had fully complied with the subpoena and discovery order, rendering the employee's motion moot. After a careful review of the record, we affirm the trial court's order and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

L. Elizabeth Kenney, Bristol, Tennessee, employee-appellant, pro se

Phillip Baker, Bristol, Tennessee, for the employer-appellee, HSN, Incorporated

Jimmie C. Miller and Michael L. Forrester, Kingsport, Tennessee, for the non-party appellees, Dr. John Phillips and Appalachian Orthopedics Association

**Memorandum Opinion**[1]

L. Elizabeth Kenney ("Employee") sustained a work injury on March 3, 2020, after "striking [her] right big toe against a steel gird line" and subsequently falling while in the course and scope of her employment with HSN, Incorporated ("Employer"). Employee was seen at Mountain States Medical Group on March 5, 2020, and complained of right toe pain. X-rays revealed a closed nondisplaced fracture in the right great toe. Employee was told to limit weight bearing, perform activities as tolerated, and to follow up with an orthopedist.

Employee selected Appalachian Orthopedics Associates ("AOA") from a panel of orthopedic practices, where she saw Dr. John Phillips on April 16, 2020. He diagnosed her with a non-displaced fracture of her right big toe, observing that the fracture had "radiographically healed and functionally healed as well." Specifically, he noted that radiographs demonstrated that her "fracture line healed." Dr. Phillips advised Employee that she would have swelling, released her to full duty work with no restrictions, and placed her at maximum medical improvement. Dr. Phillips opined Employee would have no impairment associated with her injury and released her to follow up "as needed."[2] Employee filed a petition for workers' compensation benefits in October 2020.[3]

In June 2023, Employee subpoenaed certain medical records from AOA and, on August 22, 2023, Employee filed a motion to enforce the subpoena. Thereafter, the court issued an order directing AOA to respond to Employee's subpoena by September 20. On September 18, AOA, through its counsel, filed a document titled "Compliance with Order Compelling Discovery" and noted that it had not provided any documents in response to the subpoena because all documents requested by Employee had previously been provided to Employee on several occasions. AOA also asserted that its staff members "believed that the records [requested] had been provided to [Employee]."

In response, Employee filed a motion to enforce the September 1, 2023 order compelling discovery and argued that the records she sought had not been produced and/or were not in the format requested. AOA filed a response in opposition to Employee's motion and, in relevant part, asserted that it had previously produced all records requested

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

[2] Dr. Phillips also ordered a neurological referral for "[right] toe evaluation for numbness after fracture." Employee selected Dr. Jack E. Scariano from an Employer-provided panel and received medical treatment before being placed at maximum medical improvement in August 2022. Employee's medical treatment with Dr. Scariano is not at issue in this appeal, and, therefore, we need not address it further.

[3] Employee filed subsequent petitions in April 2021, August 2022, and March 2023.

by Employee and no documents were destroyed. AOA also attached and Bates-stamped all records related to Employee's "single encounter" with Dr. Phillips on April 16, 2020 to its response. Employee filed a response in October and maintained that certain records were still missing based on her review of online records viewed through a "patient portal."

On October 12, 2023, the trial court issued an order concluding that AOA had "fully complied" with the June 12, 2023 subpoena and with the previous court order compelling discovery. Specifically, the court noted that AOA had provided "all the records" concerning Employee's single visit and determined her motion was moot. Further, the court stated that it would "decline[] to entertain further motions pertaining to records from Dr. Phillips." Employee has appealed.

In her brief on appeal, Employee argues that she is still missing certain records that were listed on the June 2023 subpoena and asserts "there was no room for Dr. Phillips to substitute other medical records or documents in lieu of what was carefully listed on the June 12, 2023 [s]ubpeona."[4] AOA contends that Employee has received her entire medical chart and that it has fully complied with the subpoena and trial court order. Specifically, AOA notes that it produced all relevant and requested records in its possession pursuant to Rule 45.08(1)(C) of the Tennessee Rules of Civil Procedure.[5] In its brief on appeal, AOA asserts that this was "certified by AOA's attorney in [multiple] filings . . . and as required in Tenn. R. Civ. P. 11.02, these factual contentions 'have evidentiary support.'" Accordingly, AOA contends the trial court's order should be affirmed. We agree.

Trial courts have broad discretion to address discovery disputes. *See Johnson v. Nissan, N. Am., Inc.*, 146 S.W.3d 600, 604 (Tenn. Ct. App. 2004). "A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaching an illogical decision, or by resolving the case on a clearly erroneous assessment of the evidence." *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010) (internal citation and quotation marks omitted). Thus, here, Employee has the burden of proving the trial court abused its discretion in concluding her most recent motion to compel was moot.

Although Employee has filed a detailed brief outlining her disagreement with the proceedings in her claim, she provided no evidence to the trial court that AOA withheld any medical records from her. Mere allegations, standing alone, do not constitute evidence. AOA maintains that it provided Employee copies of her entire medical file and, aside from Employee's assertions, there is no evidence to the contrary. Rather, the record reflects that AOA certified to the court it had produced all records in its possession relative to the

---

[4] On November 27, 2023, Employee filed a document indicating she had discovered one of the disputed medical records in the materials she had been provided, leaving two of the medical records still in dispute.

[5] Specifically, AOA submits that it produced "documents as they are kept in the usual course of business" and that it was under no obligation to produce the records in "more than one form." *See* Tenn. R. Civ. P. 45.08(1)(A)-(C), outlining the duties in responding to a subpoena.

subpoena and previous trial court order. Accordingly, we conclude Employee did not meet her burden of proving the trial court abused its discretion in resolving this discovery dispute. We therefore affirm the trial court's order and remand the case. Costs on appeal are taxed to Employee.